1- ISSUED TO ATTORNEY

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| JOHN C. LAUTERMILCH<br>737 South Street, Rear<br>Findlay, Ohio 45840 | * | Case No. 3:00CV7248 |
| | * | Judge JUDGE JAMES G. CARR |
| Plaintiff | * | **COMPLAINT; JURY DEMAND<br>ENDORSED HEREON** |
| v. | * | |
| | | Francis J. Landry |
| **FINDLAY CITY SCHOOLS**<br>227 South West Street<br>Findlay, Ohio 45840-3377 | * | (0006072)<br>**WASSERMAN, BRYAN, LANDRY<br>& HONOLD** |
| | * | 300 Inns of Court Building |
| Defendant | * | 405 N. Huron Street<br>Toledo, Ohio 43604 |
| | * | Telephone: (419) 243-1239<br>Facsimile: (419) 243-2719 |
| | * | Attorney for Plaintiff<br>John C. Lautermilch |

\* \* \* \* \* \* \* \* \*

## JURISDICTION

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. § 1331. This is a suit at law and in equity pursuant to 42 U.S.C. § 1983, providing for damages and injunctive relief for citizens suffering deprivation of constitutional rights from persons acting under color of state law.

2. The supplemental jurisdiction of this Court is also invoked pursuant to 28 U.S.C.

WASSERMAN, BRYAN,
LANDRY & HONOLD
ATTORNEYS AT LAW
300 INNS OF COURT BUILDING
405 NORTH HURON STREET
TOLEDO, OHIO 43604

1

§1367, regarding claims of Ohio Statutory and common law.

## PARTIES

3. Plaintiff states that he is a citizen of the United States of America and the City of Findlay, County of Hancock, State of Ohio. Plaintiff was employed by the Defendant as a substitute teacher from February of 1996 until November of 1998.

4. Defendant is a city school system operating under Ohio statutory law.

## NATURE OF THE CASE

5. This is an action brought Plaintiff against Defendant for depriving him of liberty and property interests because of his exercise of free speech by the Defendant which was acting under color of State law. Plaintiff also brings supplemental claims based upon Ohio law for reverse sex discrimination and public policy tort claims relating to his termination as a substitute teacher.

## FIRST CLAIM FOR RELIEF
## 42 U.S.C. § 1983

6. Plaintiff incorporates each and every allegation contained in paragraphs one (1) through five (5) of this Complaint, supra, by reference in its entirety as if fully restated herein.

7. Plaintiff commenced employment as a substitute teacher with Defendant starting in February of 1996. Plaintiff was employed during the 1995-1996 school year and was sent a contract renewal for the year 1996-1997. That year he worked as a substitute teacher in the middle schools and in Findlay High School. He worked as a substitute teacher for approximately 151 school days during 1996-1997. His contract was then renewed for the 1997-1998 school year. That year he was employed primarily at Findlay High School for over 100 days of the 153 days he worked as a substitute. Plaintiff's contract was again renewed for the 1998-1999 school year,

WASSERMAN, BRYAN,
LANDRY & HONOLD
ATTORNEYS AT LAW
300 INNS OF COURT BUILDING
105 NORTH HURON STREET
TOLEDO, OHIO 43604

where he worked for 27 days as a substitute teacher at the Findlay High School until the month of November. During the 1997-1998 school year, Plaintiff worked an in-school suspension room for 4 weeks in place of a regular employee who was on leave. On November 22, 1998, Plaintiff went home from work where there was a message on his phone recorder from the assistant principal of Findlay High School in charge of scheduling substitutes. The message informed Plaintiff that he would not be needed the rest of the week, and that he must meet with the principal before he could be let back into the building. In a subsequently scheduled appointment with the principal, Plaintiff was informed that four (4) female students had complained that he was always talking about sex and told dirty jokes. No specifics were given to Plaintiff other than a reference to a joke about lips that touch liquor. Plaintiff was further advised by the principal that she had been hearing this about Plaintiff for two (2) years and that Plaintiff was too macho. Nothing was put into writing by the high school principal, and she advised Plaintiff that she needed some time to look into the matter and that in her experience where there is smoke there is fire. Plaintiff was never informed by the principal of Findlay High School, or by anyone else affiliated with the high school or the Defendant, as to his status, and he was never called back into work or allowed back into the building except on one occasion when he entered the auto shop with permission of an Assistant Superintendent.

8. Plaintiff states that the Defendant engaged in conduct which violated the civil rights of Plaintiff in violation of 42 U.S.C. § 1983. By engaging in a pattern of activities that resulted in sex discrimination against Plaintiff and by maintaining and/or applying policies or customs whereby school principals and officials were inadequately trained and whereby complaints of sexual harassment and other harassment of the students were not properly

WASSERMAN, BRYAN,
LANDRY & HONOLD
ATTORNEYS AT LAW
300 INNS OF COURT BUILDING
105 NORTH HURON STREET
TOLEDO, OHIO 43604

investigated. Defendant, Findlay City Schools failed adequately to train its principals and employees regarding sexual harassment responsibilities and its failure to train reflects a deliberate indifference, on its part, to the constitutional rights of its other employees. Plaintiff states the actions of Defendant, acting under color of state law, deprived Plaintiff of his rights and privileges and immunities arising out of the U.S. Constitution of the laws of the United States and the State of Ohio through the First, Fifth and Fourteenth Amendment to the United States Constitution by depriving him of procedural and substantive due process rights and equal protection of the law. Namely, said Defendant engaged in a calculated pattern of sex discrimination, invasion of privacy, and intentional or reckless, wanton, and grossly negligent conduct. Defendants have deprived Plaintiff of liberty and property interests, including his freedom of association, his right to privacy, personal security, and bodily integrity, his right to his job interest in having his contract effectively and de facto renewed, and his freedom of speech and his right to be free from sex discrimination and false accusations of sexual harassment.

9. As a proximate result of the acts of Defendant in harassing Plaintiff and engaging in the course of its campaign of harassment and sudden removal from his substitute teaching position, Plaintiff has suffered great mental and emotion distress, anxiety, humiliation, embarrassment, and has lost his job position, back and future wages and diminished earning capacity all to his damage. Plaintiff was further forced to incur court costs and attorney fees.

10. Defendant and its employees and agents have acted intentionally and willfully warranting the imposition of punitive damages

### SECOND CLAIM FOR RELIEF

11. Plaintiff incorporates each and every allegation contained in paragraphs one (1)

WASSERMAN, BRYAN,
LANDRY & HONOLD
ATTORNEYS AT LAW
INNS OF COURT BUILDING
105 NORTH HURON STREET
TOLEDO, OHIO 43604

4

through ten (10) of this Complaint, <u>supra</u>, by reference in its entirety as if fully restated herein.

12. Plaintiff states that the Defendant effectively denied him continuing status of substitute teacher at Findlay High School based upon false allegations of improper sexual conduct wrongfully attributed to Plaintiff. Plaintiff states that this action taken by Defendant was taken without any meaningful investigation and was discriminatory on the basis of Plaintiff's sex in violation of Ohio Revised Code and that his termination and investigation were discriminatory in violation Ohio Revised Code §4112.02(a) made actionable pursuant to § 4112.99 as amended.

13. As a proximate result of the acts of Defendant in harassing Plaintiff and engaging in the course of its campaign of harassment and sudden removal from his substitute teaching position, Plaintiff has suffered great mental and emotion distress, anxiety, humiliation, embarrassment, and has lost his job position, back and future wages and diminished earning capacity all to his damage. Plaintiff was further forced to incur court costs and attorney fees.

### THIRD CLAIM FOR RELIEF

14. Plaintiff incorporates each and every allegation contained in paragraphs one (1) through thirteen (13) of this Complaint, <u>supra</u>, by reference in its entirety as if fully restated herein.

15. Plaintiff states that Defendant, by de facto, in terminating Plaintiff's status as a substitute teacher in Findlay High School, the Defendant has wrongfully interfered with Plaintiff's right to free speech, right to be free from sex discrimination, and the right to his privacy, personal security, bodily integrity, freedom of association, and his liberty interest. The Defendant's actions violated the clear public policy of the State of Ohio as expressed in 42 U.S.C. § 1983, the First, Fifth, and Fourteenth Amendments of the U. S. Constitution and the Ohio Constitution and § 4112

WASSERMAN, BRYAN,
LANDRY & HONOLD
ATTORNEYS AT LAW
100 INNS OF COURT BUILDING
105 NORTH HURON STREET
TOLEDO, OHIO 43604

of the Ohio Revised Code, by permitting the Defendant to act in the manner in which it acted toward Plaintiff in de facto, terminating his employment this Court would place the above mentioned public policies in jeopardy. Defendant's de facto termination was made with reference to the above mention public policies and the Defendant's actions were without legitimate justification.

16. As a proximate result of the acts of Defendant in harassing Plaintiff and engaging in the course of its campaign of harassment and sudden removal from his substitute teaching position, Plaintiff has suffered great mental and emotion distress, anxiety, humiliation, embarrassment, and has lost his job position, back and future wages and diminished earning capacity all to his damage. Plaintiff was further forced to incur court costs and attorney fees.

### FOURTH CLAIM FOR RELIEF

17. Plaintiff incorporates each and every allegation contained in paragraphs one (1) through sixteen (16) of this Complaint, supra, by reference in its entirety as if fully restated herein.

18. Plaintiff states that the Defendant, in de facto, terminating his employment as a substitute teacher violated the clear public policy of the State of Ohio favoring longevity in employment, fairness, and implementation of grievance procedures and economic productivity of employees. This public policy has clearly been expressed in Ohio common law. By permitting the Defendant's continuing de facto termination of Plaintiff to stand, this Court would place this public policy in jeopardy. Plaintiff states that his de facto termination occurred because of Defendant's violation of the aforedescribed public policy and Defendant's actions were without legitimate overriding justification.

WASSERMAN, BRYAN,
LANDRY & HONOLD
ATTORNEYS AT LAW
400 INNS OF COURT BUILDING
405 NORTH HURON STREET
TOLEDO, OHIO 43604

19. As a proximate result of the acts of Defendant in harassing Plaintiff and engaging in the course of its campaign of harassment and sudden removal from his substitute teaching position, Plaintiff has suffered great mental and emotion distress, anxiety, humiliation, embarrassment, and has lost his job position, back and future wages and diminished earning capacity all to his damage. Plaintiff was further forced to incur court costs and attorney fees.

**Wherefore,** plaintiff demands judgment against Defendant for compensatory damages, injunctive relief restoring him to his position with full back pay, benefits and seniority, Plaintiff further prays for compensatory and punitive damages, costs incurred herein, and attorney fees. Plaintiff further prays for whatever additional relief he may be entitled to.

Respectfully submitted,

WASSERMAN, BRYAN, LANDRY & HONOLD

_____
Francis J. Landry, Attorney for
Plaintiff, John C. Lautermilch

### JURY DEMAND

Plaintiff demands a jury trial as to all issues so triable in the within cause.

_____
Francis J. Landry

\\LORIANNE2\LORIANNE_DOC\FJL\LABOR\LAUTERMI\COMPLNT.WPD